# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NYKA O'CONNOR,**
**D.O.C. # 130649,**

    **Plaintiff,**

**vs.**                                                       **Case No.  4:22cv090-WS-MAF**

**DOCTOR MILLER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the custody of the Florida Department of Corrections, initiated this case in the United States District Court for the Middle District of Florida by submitting a pro se "notice of intent to file injunction motion or temporary restraining order." ECF No. 1. The case was transferred to this Court, ECF Nos. 2-3, and an Order was entered, ECF No. 5, requiring Plaintiff to pay the $402.00 filing fee no later than April 8, 2022. The Order explained that Plaintiff did not have the option to file an in forma pauperis motion in this case because he has "three strikes" and the facts alleged in his "notice of intent to file" did not demonstrate that Plaintiff faced imminent danger of serious physical injury as required by 28

U.S.C. § 1915(g). *Id.* The Order also advised Plaintiff of the cases which were relied upon in finding that he has three strikes. ECF No. 5.

Additionally, because a "notice of intent to file" is not a proper case initiating document, Plaintiff was also required to file a proper complaint on the complaint form used in this Court. Again, Plaintiff's deadline to comply was April 8, 2022. *Id.* As of this date, no response to that Order has been received, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here, Plaintiff was warned of the consequences if he failed to respond. Accordingly, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 20, 2022.

      S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**